PEOPLE v. SCHOVER.

(Children's Court, Kings County.　March 28, 1912.)

1. CRIMINAL LAW (§§ 935, 938*)—NEW TRIAL—POWER TO GRANT.

Under Code Cr. Proc. § 463, authorizing a new trial for cases specified in section 465, authorizing a new trial where the verdict is contrary to evidence, or for newly discovered evidence, the Children's Court for the county of Kings has power to grant a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2193, 2194, 2297, 2298, 2306–2317, 3068; Dec. Dig. §§ 935, 938.*]

2. CRIMINAL LAW (§ 958*)—NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE.

The affidavit in support of a new trial on the ground of newly discovered evidence made by a witness called only to corroborate the complaining witness when no corroboration was necessary if her testimony was believed, which avers that the witness will change his testimony, and show that he, and not accused, committed the act, does not justify a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2396–2403; Dec. Dig. § 958.*]

3. CRIMINAL LAW (§ 935*)—NEW TRIAL—GROUNDS—INSUFFICIENCY OF EVIDENCE.

The showing made in support of a motion for new trial on the ground that the verdict is contrary to the law and against the weight of the evidence *held* not sufficient to justify a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2193, 2194, 2297, 2298, 3068; Dec. Dig. § 935.*]

4. CRIMINAL LAW (§ 935*)—NEW TRIAL—DISCRETION OF COURT.

An application for a new trial on the ground that the verdict is contrary to law, and against the weight of the evidence, is addressed to the discretion of the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2193, 2194, 2297, 2298, 3068; Dec. Dig. § 935.*]

Christopher Schover was convicted of crime.　Motion for new trial denied.

Nathan D. Shapiro, of Brooklyn, for complainant.
Allan A. Deutsch, of New York City, for defendant.

WILKIN, J.　This is a motion for a new trial after the filing of a final judgment, and is based on the affidavit of one Dorothea Schover, the mother of the defendant child, and a copy of the testimony taken in two cases tried in the Children's Court for the county of Kings, entitled the People of the State of New York, etc., against William Dean, Christopher Schover and John McCaffrey, and the

---

*For other cases see same topic & § NUMBER in.Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

People of the State of New York, etc., against Christopher Schover, respectively, together with several other affidavits submitted.

After reading the papers filed and hearing argument by Allan A. Deutsch, Esq., of counsel for the defendant, and Nathan D. Shapiro, Esq., of counsel for the complainant, I find the grounds for the motion to be alleged newly discovered evidence not obtainable heretofore in accordance with subdivision 7 of section 465 of the Code of Criminal Procedure, and that the verdict was contrary to law and against the weight of evidence, in accordance with subdivision 6 of the same section.

[1, 2] It is recognized, in the first place, that the court has ample power to grant such a motion as here presented. Section 463, Code Crim. Proc. Now, is there a basis for either ground of the application? There is certainly no newly discovered evidence in the affidavit of Dorothea Schover, the mother, although in the argument of counsel it was claimed that the witness, Ernest Vollmer, would change his testimony, and state that he did strike and kick the complainant child, and that it was not the defendant. On this point an affidavit is submitted from one Ernest Vollmer, in support of this contention, but, supposing his testimony is stricken entirely from the record, is there not sufficient direct evidence to sustain the complaint? Further, only the affidavit of the said Vollmer is submitted as to this, and how can this in any way affect the matter, when he was only called to corroborate the complaining witness, and really no corroboration was necessary if the statement of the complainant was believed at the time of the trial. Again, when before the court, he testified to an untruth. How can it be argued that a signed affidavit would be more apt to elicit the exact facts as to what happened?

[3] On the second point raised, that the verdict was contrary to law and against the weight of evidence, the affidavit of the mother shows only a denial by her of the alleged facts, but disclose in no way any conclusive evidence to sustain her contention. If the testimony of Albert B. Winters, the school janitor, who testified to the missing of the property from the school, to the finding of some of the property of the general description of that missed in the possession of Dean, of Dean's statement that he had taken it and describing the property taken by him, of Schover saying "cheese it," and he and McCaffrey going in, the testimony of McDonald, the policeman, and of Dean and McCaffrey, are to be believed, then there is amply sufficient evidence to show that Schover knew of the entry into the school, of its purpose, of its being executed, and that he was on the shed to keep a lookout to warn of the approach of danger. Schover's statement, "I seen after that, and says, 'Don't throw anything out of the window, the janitor might see you,' and then they didn't say nothing," certainly seems to confirm this, and I cannot find any other conclusion than was arrived at at the time of the trial of this case.

If I find as indicated in the first case, I must deny this motion, as the second case only enters into consideration from the point of view of whether the boy Schover was trying to redeem himself by his good behavior, and thus be relieved from the probationary period he was

undergoing. I need not discuss this case at length. I was convinced that Schover was not trying to comply with the terms of his probation, not only in the alleged assault, but in his apparent effort to clear himself from its effects by endeavoring to misrepresent his actions and those of the witness Vollmer, who, however, denied in his testimony that he at any time struck the complainant. As above referred to, the boy, Vollmer, has testified to the defendant's guilt, and now appears in an affidavit stating to the contrary. I can place no weight on the latter affidavit, but may sweep it from the record, and yet have sufficient evidence to support the contention of the complainant.

[4] This application is addressed to the discretion of the court, and therefore no citations are necessary. People v. Patrick, 182 N. Y. 178. et seq., 74 N. E. 843. The affidavit submitted and the testimony taken from the others making affidavits really raise no material point as to the truth or falsity of the second charge. After carefully considering all of the matters presented, I cannot find any merit in the contention, nor can I find any just grounds to grant the relief asked for.

The motion is therefore denied.